# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> vs. <br> KEITH HAGER, <br> Defendant. | Case No. CR11-0143 <br> ORDER FOR PRETRIAL DETENTION |

On the 27th day of February, 2013, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Dan Chatham. The Defendant appeared personally and was represented by his attorney, Raphael M. Scheetz.

## I. RELEVANT FACTS AND PROCEEDINGS

On December 8, 2011, Defendant Keith Hager was charged by Indictment (docket number 128) with conspiracy to distribute heroin (Count 1) and distribution of heroin (Count 17).[1] At the arraignment on February 22, 2013, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on April 22, 2013.

At the hearing, Marion Police Officer James Hancox testified regarding the circumstances underlying the instant charges.[2] On June 1, 2011, Defendant was involved in a controlled drug transaction. A confidential source ("CS") called Defendant to set up

---

[1] A Second Superseding Indictment (docket number 158) was returned on January 11, 2012, but it did not modify the charges brought against this defendant.

[2] Hancox is currently assigned to the DEA Drug Task Force in Cedar Rapids.

1

the controlled drug purchase.[3] Defendant told the CS to meet him at Lindale Mall in Cedar Rapids, Iowa. The CS's person and vehicle were searched prior to the meeting. The CS arrived at the mall, and Defendant called him and told him to follow him to a different location at the mall. At the new location, the CS exited his vehicle, entered Defendant's vehicle, purchased heroin from Defendant, and returned to his vehicle. All of the activities which occurred at the mall were recorded and surveilled by law enforcement.

On August 22, 2011, Tammy Rae was involved in a traffic stop in Cedar Rapids. Law enforcement searched her vehicle and found 50 grams of heroin. Rae told officers that she and Terrance Miller obtained 25 grams of heroin from Defendant in Chicago, with the other 25 grams of heroin obtained from a different source. Rae described Defendant as a "decision maker" and "higher-up" in the alleged drug conspiracy. Rae also stated that she had purchased heroin from Defendant approximately 50 times. The 10 co-defendants in this case have all been convicted and sentenced. All 10 identified Defendant as a member of the drug conspiracy.

According to the pretrial services report, Defendant is 33 years old. He was born in Chicago, Illinois, and has lived in Chicago his entire life. For the past four years, he has resided with his mother. Defendant has never been married, but has been in a "committed relationship" with Sakena Franklin for the past 10 years. They have two children together. Both children reside with Franklin in Chicago. Defendant also has two children from two other relationships. Both children reside with their respective mothers in Chicago. Defendant has been unemployed since February 2012. Prior to that, he worked as a construction laborer for a couple years.

Defendant is in good physical health. He reports no mental or emotional health problems. Defendant told the pretrial services officer that he started smoking marijuana

---

[3] The phone call setting up the controlled drug transaction was not recorded due to a system malfunction.

2

when he was 30, and has smoked marijuana on weekends for the past 2 years. He reported that his last use was on February 2, 2013.[4]

Turning to his criminal record, on October 15, 1996, at age 17, Defendant was charged in Chicago with possession of marijuana. That charge was eventually stricken with leave to reinstate. On December 20, 1996, while the possession charge was pending, Defendant was charged with possessing a firearm in public, felony possession of a firearm, and unlawful possession of a handgun. On March 18, 1997, while both the possession and firearm charges were pending, Defendant was charged with disorderly conduct. That charge was stricken with leave to reinstate. On June 5, 1997, while the firearm charges were still pending, Defendant was again charged with disorderly conduct. That charge was also stricken with leave to reinstate. On April 15, 1998, Defendant was found guilty on the firearms charges, and received 2 years probation.

On February 15, 1999, at age 19, and while on probation, Defendant was charged with battery and driving with a suspended license. Ultimately, the case was not prosecuted. On July 18, 1999, while on probation, Defendant was charged with residential burglary. That case was also not prosecuted. On January 7, 2000, while on probation, Defendant was charged and later convicted of having a suspended vehicle registration, operating an unisured vehicle, and driving with a suspended license. His probation on the weapons charges was terminated satisfactorily in September 2000.

On June 29, 2002, Defendant was charged and later convicted of attempting to possess a controlled substance. On April 30, 2003, Defendant was charged and later convicted of DUI, driving with a suspended license, operating an uninsured motor vehicle, and speeding. As part of his sentence, Defendant was placed under court supervision. His supervision was successfully completed in July 2005.

---

[4] Defendant voluntarily provided a urine sample to authorities on February 12, 2013, and it tested presumptively positive for the presence of cannabinoids.

3

On January 23, 2006, Defendant was charged with driving with a suspended license and no seat belt. These charges were stricken with leave to reinstate. On October 27, 2007, Defendant was charged with domestic battery. However, this case was not prosecuted. On April 12, 2010, Defendant was charged and later convicted of multiple driving violations.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized

involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed

a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(A)(B) and (E). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute heroin and distribution of heroin. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C).

Regarding the second step, there is a rebuttable presumption in favor of detention. The weight of the evidence against Defendant is strong. As to the conspiracy charge, on August 22, 2011, law enforcement conducted a traffic stop on a vehicle driven by Tammy Rae. The vehicle was searched, and law enforcement found 50 grams of heroin. Rae told officers that she purchased half of the heroin, 25 grams, from Defendant in Chicago. Rae described Defendant as a "decision maker" and "higher-up" in the alleged drug conspiracy. Rae also stated that she had purchased heroin from Defendant approximately 50 times. Additionally, 10 other co-defendants in this case have identified Defendant as a member of the drug conspiracy. As to the distribution charge, on June 1, 2011, Defendant was involved in a controlled drug transaction. After setting up a meeting with Defendant at a mall, the CS met with Defendant and purchased heroin from him. The controlled drug transaction was surveilled and recorded by law enforcement.

As a general proposition, the distribution of drugs constitutes a general danger to the community. The Court is particularly concerned with the distribution of heroin because its use often results in overdose and death. Defendant is currently unemployed. If convicted on the conspiracy charge, Defendant faces a mandatory minimum prison sentence. This is a factor regarding the likelihood he will appear. Based on the serious nature of the offense, all of the facts and circumstances, and the rebuttable presumption, the Court finds that there is no condition or combination of conditions that will reasonably assure the safety of the community or Defendant's appearance for court proceedings. Therefore, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is

confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (February 22, 2013) to the filing of this Ruling (February 27, 2013) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 27th day of February, 2013.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA