# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> KEITH HAGER, <br><br> Defendant. | No. CR11-0143-LRR <br><br> **ORDER** |

This matter comes before the court on the defendant's pro se motion arresting judgment (docket no. 632), pro se motion for new trial (docket no. 633) and pro se motion to correct or reduce sentence (docket no. 634). The defendant filed those motions on March 26, 2014.

Regarding all three motions, the defendant filed them while represented by counsel. This is impermissible. The defendant does not have a constitutional right to hybrid representation, that is, the defendant must either choose to proceed pro se or choose to utilize the full assistance of counsel who would present his defense. *See United States v. Swinney*, 970 F.2d 494, 498 (8th Cir. 1992); *see also United States v. Lewis*, 738 F.2d 916, 924 (8th Cir. 1984) (stating "[a] defendant in a criminal case does not have a constitutional right both to represent himself and to be represented by counsel" (citing *United States v. Olson*, 576 F.2d 1267, 1270 (8th Cir. 1978))); *United States v. Williams*, 534 F.2d 119, 123 (8th Cir. 1976) (stating "a criminal defendant has a right to represent himself or, alternatively, to be represented by counsel" (citing *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975))); *cf. United States v. Blum*, 65 F.3d 1436, 1443 n.2 (8th Cir. 1995) (noting it is Eighth Circuit policy to refuse to consider pro se filings when a party is represented by counsel (citing *Hoggard v. Purkett*, 29 F.3d 469,

472 (8th Cir. 1994))). Because he is currently being represented by Michael K. Lahammer, the court need not address the instant motions. Accordingly, the defendant's pro se motion arresting judgment (docket no. 632), pro se motion for new trial (docket no. 633) and pro se motion to correct or reduce sentence (docket no. 634) are denied without prejudice. If counsel deems it appropriate to have the court address the issues raised by the defendant, counsel is directed to resubmit proper motions. The clerk's office is directed to send a copy of this order to the defendant.[1]

**IT IS SO ORDERED**.

**DATED** this 28th day of March, 2014.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[1] The court notes that a cursory review of the defendant's contentions reveals that they are untimely and/or without merit. *See generally* Fed. R. Crim. P. 33; Fed. R. Crim. P. 34, Fed. R. Crim. P. 35.